PAULA K. SMITH
SENIOR ASSISTANT ATTORNEY GENERAL
CRIMINAL LAW SECTION CHIEF
GEORGIA DEPARTMENT OF LAW
40 CAPITOL SQUARE, SW
ATLANTA, GEORGIA 30334
PHONE:  404 458-3288
GA BAR NO. 662160
ADMITTED TO APPEAR PRO HAC VICE
   FOR INTERVENOR TIMOTHY WARD,
    GA COMM'R OF CORRECTIONS

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | | |
|---|---|---|
| JAMIL ADDULLAH AL-AMIN, | * | No. CV 21-00200-TUC-JCH (MSA) |
| | * | |
| Petitioner, | * | |
| | * | HABEAS CORPUS |
| | * | 28 U.S.C. § 2254 |
| V. | * | |
| | * | **MOTION OF COMMISSIONER** |
| WARDEN, FCI-Tucson, | * | **TIMOTHY WARD, GA DEP'T OF** |
| | * | **CORRECTIONS, TO INTERVENE** |
| Respondent. | * | **AS A PARTY RESPONDENT** |

    Commissioner Timothy Ward of the Georgia Department of Corrections, by and through undersigned counsel, makes this his motion to intervene and be added as a party Respondent to defend this challenge to Petitioner's continued confinement on his Fulton County, Georgia, convictions and sentences, by showing and stating as follows:

1.

    Petitioner Al-Amin is currently incarcerated in a federal prison pursuant to

an agreement between the Georgia Department of Corrections ("DOC") and federal authorities to serve his Fulton County, Georgia, convictions and sentences arising from a jury trial in March 2002. *See Al-Amin v. State*, 278 Ga. 74, 597 S.E.2d 332, *cert. denied*, 543 U.S. 992 (2004). At the March 2002 jury trial where the death penalty was sought, Petitioner was found guilty of malice murder and the jury sentenced him to life without parole; he was also found guilty of obstruction of a law enforcement officer, aggravated battery on a peace officer, and two counts of possession of a firearm during the commission of a felony, for which he received an aggregate of thirty years to serve consecutively to the sentence of life without parole. *Id.* After these convictions were affirmed on direct appeal in *Al-Amin v. State*, 278 Ga. at 74, he challenged them in both a state collateral attack and in a 28 U.S.C. § 2254 habeas corpus proceeding, *Al-Amin v. Warden, Ga. Dep't of Corr.*, 932 F.3d 1291 (11th Cir. 2019), *cert. denied, sub nom., Al-Amin v. Ward*, ___ U.S. ___, 140 S.Ct. 2640 (2020). He has a second state collateral attack pending in the Georgia courts in which he is again challenging these convictions, *Al-Amin v. State of Georgia, et al.*, Civil Action No. HC00999 (Fulton Super. Ct., filed Nov. 2016), in which a hearing is currently set for January 25, 2022. He is represented in that case by the same pro bono counsel who represented him in his prior state and federal collateral attacks.

2.

Petitioner filed this petition pro se, his second filed under 28 U.S.C. § 2254, in which he alleges that his current and future confinement present risks of "irreparable injury or death" due to the Covid-19 pandemic, these risks purportedly cannot be remedied by anything else except release from confinement, and that his continued confinement would impose "cruel and unusual punishment" that was not initially imposed on him and "impede [his] Fifth Amendment liberty guarantees under these unforeseen circumstances." (Doc. 10 at 6). In the screening order, this Court noted it had sanctioned this petition as filed under 28 U.S.C. § 2254 and substituted his actual custodian, the Warden at FCI-Tucson, as the party Respondent. (Doc. 17 at 2, 3).

3.

Commissioner Ward of the Georgia DOC moves to intervene and be added as a party respondent to defend the interests of the State of Georgia in this case. Rule 2(a) of the Rules Governing Section 2254 Cases requires the petitioner to name the state officer having custody of him as the party respondent. *See, e.g., Belgarde v. Montana*, 123 F.3d 1210, 1212 (9th Cir. 1997). That typically is the warden of the institution where the petitioner is housed. *Id*. Here, however, Petitioner is in the unusual situation of being in federal custody for the purpose of serving his State of Georgia sentences. This not a "future custody" situation that

would require a state's attorney general to be named as a party under Rule 2(a), which was the flaw in *Belgarde* where the petitioner named his actual custodian but failed to name the attorney general of the state from which the future conviction(s) arose. *See Smith v. Idaho*, 392 F.3d 350 355 n.3 (9th Cir. 2004).

4.

Petitioner seeks release from confinement in the federal facility where he is currently housed and properly named the Warden at FCI-Tucson, his actual custodian, as a party respondent, particularly given his challenge to the conditions of that confinement. But Petitioner also seeks release from confinement on a state court judgment, and that raises the question of whether the Warden at FCI-Tucson is the sole authority who can order his release or whether a Georgia state officer should be added as a party respondent. *Id.* The Commissioner is Petitioner's state custodian in this unusual scenario.

5.

The Commissioner is the chief officer in charge of state penal institutions in Georgia and is charged with supervising, directing and executing the functions vested in the DOC. *See* O.C.G.A. § 42-2-6. DOC is also charged under state law with defending habeas corpus cases instituted by or on behalf of a petitioner where the petitioner is in DOC's custody. *See, e.g., Wiggins v. Lemley*, 256 Ga. 152, 345 S.E.2d 584 (1986).

6.

The Commissioner (or a DOC warden) has defended Petitioner's prior state and federal habeas corpus cases challenging his Fulton County convictions and sentences, even after Petitioner was transferred through an agreement with federal authorities to a federal facility to continue serving these sentences.[1]  In addition, the Commissioner has sought to leave to intervene in Petitioner's pending second state collateral attack on his convictions.

7.

For all these reasons, the Commissioner seeks leave to intervene as a party Respondent.  He is simultaneously filing responsive pleadings.

---

[1] According to the DOC's website, Petitioner Al-Amin (GDC # 1104651) began serving his Fulton sentences in DOC's custody on March 14, 2002; his status is listed as "active" and that he is "currently serving" these sentences.  He was in DOC custody when he filed his original state habeas corpus case in 2005, *Al-Amin v. Smith, Warden*, No. 05-HC-6 (Tattnall Super. Ct. July 28, 2011) (unreported), and was transferred after the hearings in that case to the Administrative Maximum Security Prison ("Supermax) in Florence, Colorado.  He is currently incarcerated at the USP at Tucson.

## CONCLUSION

WHEREFORE, Commissioner Ward prays that the Court grant him leave to intervene as a party Respondent in this case.

    Respectfully submitted,

    *s/Paula K. Smith*_____
    PAULA K. SMITH    Ga. Bar 662160
    Senior Assistant Attorney General

<u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on January 28, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM-ECF registrants:

> Jamil Addullah Al-Amin
> Fed. Reg. No. #99974-555
> USP Tucson
> PO Box 24550
> Tucson, AZ 24550
> Petitioner Pro se
>
> Gary M. Restaino
> United States Attorney
> District of Arizona
> Michael Linton
> Assistant United States Attorney
> United States Courthouse
> 405 W Congress Street, Suite 4800
> Tucson, Arizona 85701
> Attorneys for Respondent

> > *s/Paula K. Smith*_____
> > PAULA K. SMITH
> > Senior Assistant Attorney General

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| JAMIL ADDULLAH AL-AMIN, | * | No. CV 21-200-TUC-JCH (MSA) |
| Petitioner, | * | |
| V. | * | ORDER |
| WARDEN, FCI-Tucson, | * | |
| Respondent. | * | |

Upon consideration of the motion of Commissioner Timothy Ward of the Georgia Department of Corrections to intervene as a party Respondent, and for good cause appearing,

IT IS ORDERED that Commissioner Ward's motion to intervene is GRANTED.

Dated this ___ day of _____, 2022.

_____
Honorable Maria S. Aguilera
United States Magistrate Judge

Prepared by:
Paula K. Smith
Senior Assistant Attorney General
Georgia Department of Law
40 Capitol Square, S. W.
Atlanta, Georgia  30334-1300
Telephone: (404) 458-3288
psmith@law.ga.gov